UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22968

**JASON RICHARDSON,**

    Plaintiff,

v.

**MIAMI-DADE COUNTY CORRECTIONS,** *et al.***,**

    Defendants.

_____/

**ORDER DENYING MOTION FOR LEAVE TO APPEAL IFP**

**THIS CAUSE** comes before this Court on *pro se* Plaintiff Jason Richardson's Motion to Appeal *in forma pauperis* ("IFP"), ("Motion"), [ECF No. 6]. The Plaintiff seeks to appeal IFP the Court's Order Dismissing Plaintiff's Complaint without prejudice. [ECF No. 4]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons stated below, the Motion is **DENIED**.

Title 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern applications to proceed with an appeal IFP. Under Rule 24(a), the party must attach an affidavit that: (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs[,]" Fed. R. App. P. 24(a)(1)(A); (2) "claims an entitlement to redress[,]" Fed. R. App. P. 24(a)(1)(B); and (3) "states the issues that the party intends to present on appeal[,]" Fed. R. App. P. 24(a)(1)(C). Even when a party has been permitted to proceed IFP in the district court, the party may not appeal IFP if the district court "certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)

(providing that a party may not proceed on appeal IFP if "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith. . . ."). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous from an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous "if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). However, where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Here, the Court finds that the Plaintiff's appeal is not taken in good faith because he fails to raise a non-frivolous issue on appeal. In dismissing the Complaint, the Court explained that the Plaintiff failed to allege a cognizable basis for subject matter jurisdiction in this case. *See* [ECF No. 4 at 2]. The Plaintiff's Complaint asserts a negligence claim against Miami-Dade County Corrections and its then-director, James Reyes, based on his fall from the top of a bunkbed while detained in a cell unit of the Pre-trial Detention Center. [ECF No. 1]. In his Complaint, the Plaintiff asserts that this Court has federal question jurisdiction; however, he fails to show how this case arises under the United States Constitution, federal laws, or treaties.[1] Therefore, the Court does not have subject matter jurisdiction over his claims.

Moreover, the Plaintiff's Motion and Notice of Appeal fail to state the issues that he intends to present on appeal. [ECF Nos. 5, 6]; *see* Fed. R. App. P. 24(a)(1)(C). Therefore, the Plaintiff's Motion is legally deficient and must also be denied for that reason. *See Rodriguez v. Dobbs*, No. 19-cv-20716-DLG, 2019 WL 11583371, at *1 (S.D. Fla. Aug. 15, 2019) ("the [IFP] motion is legally deficient, and should be denied because it fails to state what, if any, issues [petitioner] intends to pursue on appeal"); *Dameron v. Mack*, No. 17-cv-3935-WSD, 2018 WL 1230591, at *2

---

[1] Federal diversity jurisdiction does not exist as all parties reside in Miami-Dade County, Florida.

- 3 -

(N.D. Ga. Jan. 4, 2018) ("A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith.").

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Appeal IFP, [ECF No. 4], is **DENIED**. The Court emphasizes that the Complaint was dismissed without prejudice. Although the case was closed for administrative purposes, the Plaintiff may still file an amended complaint in this case that properly asserts a claim and a basis for subject matter jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 15, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE